UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. GELAZELA,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | Case No. 1:22-cv-01539-ADA-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR COURT TO NOT SWITCH CLAIMS BETWEEN CASES<br><br>(ECF No. 15) |

Mark Gelazela ("Plaintiff") is a former prisoner proceeding *pro se* and *in forma pauperis* in this action.

On January 11, 2023, Plaintiff filed a motion for the Court to not switch claims between cases. (ECF No. 15). Plaintiff states that in case 1:21-cv-01499-AWI-EPG, Judge Anthony W. Ishii severed claims, and ordered that the first opened new case contain Claims III, IV, and V and that the second opened new case contain Claim VI. However, both new cases were opened the same day. Thus, Plaintiff contacted the Clerk's Office "to ensure that it did not matter and that either new case could be chosen for the III, IV, V claim group and the VI claim group respectively." (Id. at 1). The Clerk told Plaintiff that it should not matter which case he filed the each group of claims in, "so the Plaintiff randomly chose to file the new second amended complaint for severed claims III, IV and V in new case 1:22-cv-01540-SKO and a second amended complaint for claim VI in new case 1:22-cv-01539…." (Id.).

Plaintiff asks the Court to allow his claims to proceed this way, because if the Court disagrees with Plaintiff's assessment, Plaintiff will need to "refile a second amended complaint in

1

1:22-cv-01540-SKO also and let that judge know to consider claim VI instead of the complaint the Plaintiff has already filed in that case for claims III, IV and V, and this all becomes very confusing for all parties involved." (Id. at 1-2). Alternatively, Plaintiff asks the Court to allow him to file the complaint he submitted in case 1:22-cv-01540-SKO in this case, and for the Court to consider it timely. Plaintiff states that he filed a similar motion in case 1:22-cv-01540-SKO.

Plaintiff's motion will be denied in its entirety. Plaintiff asks the Court not to switch the complaints because he will need to refile a Second Amended Complaint in 1:22-cv-01540-SKO and inform the judge in that case to consider Claim VI instead, which "all becomes very confusing for all parties involved." However, the Court has already switched the complaints between the cases. Plaintiff's Second Amended Complaint that was filed in case 1:22-cv-01540-SKO has been docketed in this case, and the Second Amended Complaint filed in this case has been docketed in 1:22-cv-01540-SKO. Plaintiff does not need to refile anything or inform the judge in 1:22-cv-01540-SKO to consider Claim VI instead.

As to Plaintiff's request to be allowed to file the Second Amended Complaint that was submitted in 1:22-cv-01540-SKO, this request is moot. As discussed above, that complaint has already been filed in this case.

Finally, as to Plaintiff's request for the Court to consider the Second Amended Complaint as timely filed, in directing the Clerk to docket the correct Second Amended Complaint in this case, the Court stated that "[t]he Second Amended Complaint shall be given a new ECF number but maintain the date filed." (ECF No. 13, p. 3). Thus, this request is moot as well.

Accordingly, IT IS ORDERED that Plaintiff's motion for the Court to not switch claims between cases (ECF No. 15) is DENIED.
IT IS SO ORDERED.

Dated:  **January 12, 2023**                          /s/ Erica P. Grosjean
                                                      UNITED STATES MAGISTRATE JUDGE