UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. GELAZELA,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>    Defendants. | No.  1:22-cv-01539-ADA-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING THE ACTION WITH PREJUDICE<br><br>(ECF No. 18) |

    Plaintiff Mark Gelazela is a former prisoner proceeding pro se and in forma pauperis in this action.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On May 18, 2023, the Magistrate Judge issued findings and recommendations, recommending that the Court dismiss this action with prejudice due to Plaintiff's failure to comply with Federal Rule of Civil Procedure 8(a) and his failure to state any cognizable claims.  (ECF No. 18.)  Plaintiff filed timely objections on June 4, 2023.  (ECF No. 19.)

    Plaintiff's objections acknowledge that, following the decision in *Egbert v. Boule*, 142 S. Ct. 1793 (2022), he is unable to state cognizable claims pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  (ECF No. 19 at 10–11.)  His objections, therefore, address the Magistrate Judge's rejection of Plaintiff's Federal Tort Claim Act claims based on the complaint's failure to comply with Rule 8(a).

1

Plaintiff first argues that his failure to comply with Rule 8(a) stems from the fact that the Magistrate Judge never explained what "a short and plain statement" means. (ECF No. 19 at 2.) After receiving the findings and recommendations, Plaintiff claims that he would now be able to file an amended complaint that complies with Rule 8(a). (*Id.* at 2–3.) Plaintiff's characterization of the Magistrate Judge, however, is inaccurate. The Magistrate Judge's December 1, 2022 screening order laid out the requirements of Rule 8(a). Notably, that order explained that a complaint may not rely on conclusory allegations or threadbare recitals of the elements of a cause of action. (ECF No. 4 at 3.) It further explained that the factual allegations in the complaint must give fair notice to the opposing party. (*Id.* at 19.) Moreover, in the lawsuit from which the claims in this case were severed, Plaintiff was able to state a claim for deliberate indifference to a serious medical need in violation of the Eighth Amendment and a claim under the Federal Tort Claims Act. (*See id.* at 12–17, 23.) His ability to do so belies his claims of ignorance about complying with Rule 8(a). Therefore, Plaintiff's multiple failures to state cognizable claims, do not convince the Court that Plaintiff would be able to state cognizable claims in an amended complaint.

In the alternative, Plaintiff claims that the complaint does allege sufficient facts to support his FTCA claims. (ECF No. 19 at 3–10.) As the Magistrate Judge explained, however, Plaintiff attempts to advance constitutional tort claims, which are not cognizable under the FTCA. *See Fed. Deposit. Ins. Corp. v. Meyer*, 510 U.S. 471, 477–78 (1994). To the extent Plaintiff claims that he asserted FTCA claims based upon state law torts, his bare invocations of "personal injury," "intentional infliction of emotional distress," "strict liability tort," "Prima Facie tort," and "negligence" are patently insufficient. (*See, e.g.*, ECF No. 19 at 4.) While Plaintiff is correct that the Court must construe his pro se complaint liberally, "the requirement of liberal construction does not mean that the court can ignore an obvious failure to allege facts that set forth a cognizable claim." *United States v. Matlock*, No. 1:17-CR-00006-JLT-SKO, 2022 WL 317199, at *2 (E.D. Cal. Feb. 2, 2022). Moreover, in liberally construing a Plaintiff's complaint, courts may not supply essential elements that a Plaintiff has not pleaded. *See Pena v. Gardner*, 976 F.2d 469, 472 (9th Cir. 1992).

///

1    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a de novo review of this case.  Having carefully reviewed the entire file, including Plaintiff's objections, the Court concludes the findings and recommendations are supported by the record and proper analysis.

Accordingly,

1. The findings and recommendations issued on May 18, 2023, (ECF No. 18), are adopted in full;
2. This action is dismissed with prejudice;
3. Plaintiff's request for appointment of pro bono counsel, (ECF No. 14 at 20), is denied; and
4. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   September 13, 2023

_____
UNITED STATES DISTRICT JUDGE

3